■ MARTIN J. HERTZ, Respondent, v. JEROME S. RUBIN et al., Appellants, et al., Defendant.

APPEALS from an order of the Supreme Court at Special Term, entered December 6, 1968 in New York County, which denied a motion by appellants for an order dismissing the first, second and fifth causes of action and granting summary judgment as to the third, fourth, sixth and seventh causes of action.

*Per Curiam.* Plaintiff is a lawyer who at the times in question was an office associate of the appellants. The latter represented the corporate defendant, which was engaged in oil drilling ventures. On January 18, 1965, plaintiff purchased a 1/16 interest in one of these ventures, known as the Rehart property. On January 19, 1965, plaintiff wrote a letter to appellants in which he set out the representations made to him by appellants, including provisions as to how the funds representing the purchase price would be handled. Appellants signified that they had made the representations and promises. None other than those set out in the letter are claimed.

Plaintiff paid $7,187.50 for the 1/16 interest and also paid $9,375 as his proportionate share of drilling costs. In August, 1965 he paid an additional sum for his share of these expenses, bringing his total investment to $24,062.50. The drilling expenses exceeded what had been expected and plaintiff refused to make further contribution. Other investors also refused to meet the requirements for further investment, with the result that an action was instituted to foreclose the corporate defendant's interest in the Rehart lease. An arrangement was worked out by which the investors were to transfer their interests in return for a proportionate 25% in the production of the well when completed. Plaintiff refused to accede to this arrangement, and his 1/16 interest was foreclosed.

The complaint contains seven causes of action. One, the fifth, is stated against the corporation only and is not involved in this motion. The sixth and seventh causes of action are based on alleged violations of the Securities Act of 1933 (U. S. Code, tit. 15, § 77a *et seq.*). The remaining causes of action plead as fraud and breach of contract plaintiff's two basic contentions in regard to his investment—first, the nature of the corporate defendant's interest in the Rehart property, and, secondly, that plaintiff's investment would not be turned over to the corporate defendant unless and until it was separately earmarked

so as not to be subject to the corporate defendant's debts in regard to other properties.

As to the first representation, plaintiff's claim is that it was represented to him that the corporation had a leasehold interest in the Rehart property whereas their interest was merely to take oil and gas off the property. Plaintiff's letter of January 19 contains no specific representation as to the nature of the interest, although it refers to it generally as a lease. However, the purchase agreement of the previous day has attached to it an exhibit headed "Rehart Property Description" which clearly sets out that the corporate defendant's interest is to "rights to oil, gas and other hydrocarbon substances in and under the following described lands". In view of this specific and definite description of what was being transferred, no claim based on any alleged representation is maintainable.

The second claim is based on the fifth paragraph of the letter of January 19. It states: "The money received by you herewith will be kept in a segregated account until the one-sixteenth interest in the Rehart lease referred to herein is earmarked in my name in such a manner that it is superior to any claim of general or secured creditors of Eastern Interior Oil Company and is not regarded as the property of Eastern Interior Oil Company in the event of a bankruptcy or assignment for the benefit of creditors or a similar proceeding." The difficulty with plaintiff's case is that he fails to show that this was not done. His only claim in this respect is that his interest was not recorded separately in any land office register. Clearly there was never any agreement or representation that it would be. He makes no claim that the books of the corporation failed to show the extent and nature of his investment. The agreement itself exempts plaintiff from liability for the debts of the corporation or for those of other investors. Surely it is not the intent of the agreement that plaintiff's investment was to be kept intact but, on the contrary, was to be used to exploit the rights in the described land. There is absolutely no showing that the investment was to any extent invaded by any obligation of the company beyond the purpose of the investment, or even that it could have been subjected to any such invasion.

As to the sixth and seventh causes of action, assuming, without deciding, that the interests sold should have been registered pursuant to the Securities Act of 1933, plaintiff's claim would be maintainable pursuant to subdivision (1), section 12 of that act (U. S. Code, tit. 15, § 77l, subd. [1]). There is a one-year Statute of Limitations on such actions (§ 13 [U. S. Code, tit. 15, § 77m]). As the sale to plaintiff was made 14 months prior to suit, the claim under the act is clearly barred.

The order entered December 6, 1968, denying appellants' motion for summary judgment should be reversed on the law, with costs and disbursements, and the motion granted.

NUNEZ, J. (dissenting). I dissent and vote to affirm the order denying dismissal of the first, second and fifth causes of action and summary judgment as to the third, fourth, sixth and seventh causes of action.

Special Term held that on the basis of the conflicting and voluminous affidavits before the court there were issues of fact with respect to (1) the true intent of the signatories to the agreement, (2) the exact meaning of "good and clear title" to the leasehold interest involved, (3) whether or not the individual defendants properly segregated plaintiff's purchase money, (4) whether the individual defendants defrauded plaintiff, and (5) whether defendant Rubin was authorized to act for the corporate defendant. I agree.

These issues cannot and should not be determined upon affidavits. Plaintiff should have the opportunity to further explore and develop them at a trial.

In my opinion summary disposition here will unfairly deny plaintiff his day in court.

Stevens, P. J., Markewich and Steuer, JJ., concur in *Per Curiam* opinion; Nunez, J., dissents in opinion.

Order entered on December 6, 1968, reversed on the law, with $50 costs and disbursements to the appellants, and the motion granted. The Clerk is directed to enter judgment in favor of the appellants dismissing the complaint.